STATE *ex rel.* SULLIVAN and wife *v.* LOWE and HARGRAVE.

tween the parties, both parties were cognizant, of and participated in. In *Rose* v. *Coble,* Phil. 517, this Court said: "To render a contract void for fraud, the fraud must affect the *contract.* A contract is not the purpose of one, but the agreement of two minds;" and of course both parties must intend the fraud: see also *Hafner* v. *Irwin,* 1 Ire. 490; *Stone* v. *Marshal,* 7 Jon. 300.

The distinction seems to be this: 1. A "voluntary gift or settlement" is void, if it was the intent of the maker to hinder, delay or defraud, whether the party who takes the gift, participated in the fraudulent intent or not. 2. An absolute conveyance for a valuable consideration, is good, notwithstanding the intent of the maker to defraud, unless the other party participated. The fraud must enter into and affect the *contract.*

There was error.

PER CURIAM.                          *Venire de novo.*

<hr>

STATE *ex rel.* W. A. SULLIVAN and wife *v.* C. F. LOWE and A. HARGRAVE.

A Clerk is not liable upon his official bond, for a failure by him to issue *ex officio* a notice to a guardian, to renew *his* bond.

(*State ex rel. Jones* v. *Biggs,* 1 Jon. 364, approved.)

CIVIL ACTION upon an official bond, tried before *Cloud,* J., at Spring Term 1870, of DAVIDSON Court.

The case was, that the defendant Lowe had been Clerk of the County Court of Davidson, and that the other defendant was one of his sureties. Whilst Lowe was Clerk, one Henderson Adams was guardian of the *feme* plaintiff, and the time for renewing his bond having come around, (August

STATE *ex rel.* SULLIVAN and wife *v.* LOWE and HARGRAVE.

Term 1853,) he failed to do so. Thereupon, it was the duty of Lowe to notify him thereof: (Rev. Code, c. 54, s. 10). He neglected to do so. Subsequently, Adams and the sureties upon his said bond failed, and the ward having suffered loss thereby, brought this suit, claiming that Lowe and his sureties, on account of the neglect above, were liable to indemnify him for his loss.

Under the instructions of the Court, the defendant had a verdict; and thereupon the plaintiff appealed.

*Gorrell,* for the appellant.
*Clement, contra.*

READE, J. The question is, whether a Clerk of a Court and his sureties, are liable upon his official bond, for the failure of the Clerk to issue *ex officio,* a notice to a guardian to renew his bond. This question was before this Court in *State ex rel. Lee* v. *Watson,* 7 Ire. 289, and again in *State ex rel. Jones* v. *Biggs,* 1 Jon. 364.

In the first case, it was decided by a divided Court, that he was; and in the last case, by a divided Court, that he was not liable.

It was supposed by the plaintiff's counsel, that these conflicting decisions left it an open question, and he insisted that the first decision is the better law. We have considered it as an open question, and were attentive to Mr. Gorrell's learned argument, but we adhere to the decision that the Clerk and his sureties are not liable. The question was so fully discussed and considered in the cases referred to, that it would be superfluous to repeat the discussion here.

There is no error.

PER CURIAM. Judgment affirmed.

NOTE.—The case of W. A. Myers and wife, against the same defendants, received a similar determination at this Term.